IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JAKE SHAW, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 7:21-cv-45 |
| v. | § § | |
| PERATON, INC. | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Jake Shaw ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant is violating the FLSA by failing to pay its employees, including the Named Plaintiff and Class Members, who assist in the operation of aerostats, at one-and-one-half times their regular rates of pay for all hours worked in excess of forty hours within a workweek.

## II. PARTIES

3. Named Plaintiff Jake Shaw is an individual who resides in this judicial district and division. At all relevant times, Shaw was an "employee" of Defendant as defined by the FLSA. At all relevant times, Defendant was Shaw's "employer" as defined by the FLSA. Shaw has consented to be a party-plaintiff to this action, as indicated in his consent form, which is attached hereto as "Exhibit A."

4. The Named Plaintiff and Class Members are Defendant's current and former employees who assist in the operation of aerostats and who were paid the same straight time hourly rate for all hours worked, including for those work hours in excess of 40 in a week.

5. Peraton, Inc. is a Maryland Corporation that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Herndon, Virginia. Its registered agent for service of process is Cogency Global, Inc., located at 1601 Elm Street, Suite 4360, Dallas Texas 75201. During all relevant times, it has done business in the McAllen Division of the United States District Court for the Southern District of Texas.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"). This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

7. Venue is proper in the McAllen Division of the United States District Court for the Southern District of Texas because a substantial part of the events giving rise to the claim occurred in this Division. In addition, inasmuch as Defendant is subject to this Court's personal jurisdiction for

purposes of this civil action, Defendant resides in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

8. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendant has been an "employer" in relation to the Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

13. Defendant is a defense contractor that provides surveillance services to the United States government, using, among other things, unmanned aerial vehicles. One of these unmanned aerial vehicles is known as an aerostat, which is essentially a moored, lighter than air balloon that is used for surveillance projects.

14. Defendant hired Named Plaintiff in August 2019 and Named Plaintiff is still employed with Defendant.

15. For the entirety of his employment, Defendant paid Named Plaintiff on an hourly, and not on a salary, basis.

16. Named Plaintiff was given the title Field Service Engineer II, and his primary duty was to assist in the operation of aerostats. During all times relevant to this action, Named Plaintiff performed only non-exempt work.

17. Named Plaintiff assisted in the launching and recovery of aerostats, watched telemetry for aerostats, assisted in performing maintenance on aerostats, assisted in conducting helium top offs for aerostats and assisted in maintaining site cleanliness.

18. Defendant's aerostat operators are not employed as a systems analyst, computer programmer, software engineer or other similarly skilled worker in the computer field.

19. The primary duty of Defendant's aerostat operators did not include any of the following:

   a) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;

   b) The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

c) The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or

d) A combination of the aforementioned duties, the performance of which requires the same level of skills.

20. Defendant's aerostat operators' primary duty was not to make sales or obtain orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer.

21. Defendant's aerostat operators' primary job duty was not the performance of work directly related to Defendant's management or general business operations or those of its customers.

22. Defendant's aerostat operators' primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

23. Defendant's aerostat operators did not have the authority to hire or to fire other employees, and their suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

24. For the entirety of his employment as an aerostat operator, Named Plaintiff regularly worked in excess of forty hours per week. But Defendant paid Named Plaintiff straight time for all his hours worked, including those work hours in excess of forty hours in all workweeks.

## VI. COLLECTIVE ACTION ALLEGATIONS

25. Named Plaintiff and the Class Members have performed, and are performing, the same or similar job duties as one another in that they all worked as aerostat operators or performed aerostat related tasks for Defendant. Named Plaintiff and Class Members consistently worked in excess of forty (40) hours in a workweek, as evidenced by the hours recorded on their paychecks. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were all

paid straight time for all hours worked, including those work hours in excess of forty hours per week. Thus, the Class Members are owed unpaid overtime for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

26. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying aerostat operators and those performing aerostat operator related duties only straight time for all hours worked. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applies to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former employees of Defendant who were aerostat operators or performed similar aerostat related duties, who were paid straight time for all overtime hours worked in the last three years.**

## VII. CAUSE OF ACTION

### COUNT I
### FAILURE TO PAY WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendant has acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

28. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII. PRAYER FOR RELIEF

Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

    d.    For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

    e.    For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees; and

    f.    For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    g.    For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

    h.    For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
700 West Summit Dr.
Wimberley, Texas 78676
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**