United States District Court
Southern District of Texas
**ENTERED**
May 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JACOB SHAW, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:21-cv-00045 |
| | § | |
| PERATON, INC., | § | |
| | § | |
| Defendant. | § | |

# ORDER AND OPINION

The Court now considers "Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue"[1] ("Motion to Dismiss"). Jacob Shaw ("Plaintiff") has filed a response to Defendant's Motion to Dismiss;[2] Peraton, Inc. ("Defendant") has filed a Reply Memorandum in Further Support of its Motion to Dismiss, or in the Alternative, to Transfer Venue;[3] and Plaintiff has filed a Sur-Reply.[4] After considering the motion, record, and relevant authorities, the motion to dismiss is converted into a motion for summary judgment and the Court **GRANTS** the motion and **DISMISSES** Plaintiff's action.

## I. BACKGROUND AND PROCEDURAL HISTORY

This is an employment dispute brought by Plaintiff-employee against Defendant-employer under the Fair Labor Standards Act ("FLSA").[5] The merits of this case pertain to Plaintiff's allegation that Defendant failed to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA.[6] Defendant's motion to dismiss is premised

---

[1] Dkt. No. 8.
[2] Dkt. No. 11.
[3] Dkt. No. 16.
[4] Dkt. No. 17-1.
[5] Dkt. No. 1 at 1.
[6] *Id.* at 5-6.

on the Letter of Understanding ("LOU") that Plaintiff signed upon employment with Defendant.[7] The LOU contains a Choice of Law and Venue provision as well as a Dispute Resolution provision.[8]

II. **DISCUSSION**

   a. **Jurisdiction**

   This Court has jurisdiction under 28 U.S.C. § 1331.

   b. **Plaintiff's Motion for Leave to File Sur-Reply**

   Plaintiff filed a Motion for Leave to File Sur-Reply the same day as Defendant's reply.[9] Defendant then filed an Opposition to Plaintiff's Motion for Leave to File Sur-Reply.[10] Plaintiff's motion states that Counsel for Plaintiff "attempted to confer with Defendant's counsel, but was not able to communicate with her in time to receive a response. As such it must be assumed that the Defendant's counsel is opposed to this Motion."[11] However, Defendant's opposition notes that Counsel for Plaintiff emailed a counselor who was not listed as counsel of record and allowed less than thirty minutes to pass before filing the Motion for Leave to File Sur-Reply.[12] Thus, Plaintiff did not successfully confer with Defendant prior to filing their motion as required by Local Rule 7.1.D.

   "Whether to allow filing a sur-reply is within the sound discretion of the district court."[13] Given that the two issues raised in the sur-reply could have easily been raised in the response and

---

[7] Dkt. No. 8.
[8] *Id.*
[9] *Compare* Dkt. No. 16 *with* Dkt. No. 17
[10] Dkt. No. 18, 19.
[11] Dkt. No. 17 at 2.
[12] Dkt. No. 18.
[13] *Embry v. Hibbard Inshore, L.L.C.*, 803 F. App'x 746, 749 (5th Cir. 2020).

given Plaintiff's failure to confer with Defendant, the Court DENIES Plaintiff's motion for leave.[14]

   c. Legal Standard

      i. Rule 12(b)(6)

The Court uses federal pleading standards to determine the sufficiency of a complaint.[15] "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts."[16] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17]

In considering a motion to dismiss, the Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[18] Because the focus is on the pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[19] but not if the material is a matter of public record[20] and not if a defendant attaches documents to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[21] If a motion to dismiss is converted to a motion for summary judgment, the parties are entitled to notice and a reasonable opportunity to present all pertinent material.[22]

---

[14] Dkt. No. 17.
[15] *See Genella v. Renaissance Media*, 115 F. App'x 650, 652–53 (5th Cir. 2004) (holding that pleadings must conform to federal pleading requirements).
[16] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted).
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[18] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[19] FED. R. CIV. P. 12(d).
[20] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).
[21] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).
[22] FED. R. CIV. P. 12(d).

"Notice . . . is generally sufficient 'as soon as [the parties] know [the] court has accepted matters outside the pleadings for consideration.' [S]ufficient notice requires the party opposing the motion to have: received the matters accepted for consideration; 'had an opportunity to respond to them;' and 'not controverted their accuracy.'"[23]

### ii. Rule 56

Federal Rule of Civil Procedure 56 provides that a court shall award summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[24] One principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses" and should be interpreted to accomplish this purpose.[25]

To earn summary judgment, the movant must demonstrate that there are no disputes over genuine and material facts and that the movant is entitled to summary judgment as a matter of law.[26] "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."[27] The movant "bears the initial burden of . . . demonstrat[ing] the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case."[28] In other words, a movant may satisfy its burden by pointing out the absence of evidence to support the nonmovant's case if the nonmovant would bear the burden of proof with respect to that

---

[23] *Allen v. hays*, 812 Fed. Appx. 185, 190 (5th Cir. 2020) (internal citations omitted).
[24] FED. R. CIV. P. 56(a); *see Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 624 (5th Cir. 2006).
[25] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[26] *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993).
[27] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986), *quoted in Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *accord Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (holding that, if the movant intends to rely on an affirmative defense, "it must establish beyond dispute all of the defense's essential elements").
[28] *Lynch Props. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).

element at trial.[29] To demonstrate the absence of a genuine dispute of material fact, the movant must point to competent evidence in the record, such as documents, affidavits, and deposition testimony[30] and must "articulate precisely how this evidence supports his claim."[31] If the movant fails to meet its initial burden, the motions for summary judgment "must be denied, regardless of the nonmovant's response."[32] Accordingly, the Court may not enter summary judgment by default,[33] but may accept a movant's facts as undisputed if they are unopposed.[34]

If the movant meets its initial burden, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts" that demonstrate the existence of a genuine issue for trial.[35] The nonmovant's "conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment."[36] The nonmovant is "*required* to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[37] "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue

---

[29] *Celotex Corp.*, 477 U.S. at 325; *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.").

[30] FED. R. CIV. P. 56(c)(1); *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("The movant . . . must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").

[31] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

[32] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted).

[33] *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

[34] *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see* LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition").

[35] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) ("[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.").

[36] *RSR Corp.*, 612 F.3d at 857.

[37] *Ragas*, 136 F.3d at 458 (emphasis added).

of fact exists."[38] The nonmovant's demonstration cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation"[39] and a "mere scintilla of evidence" also will not do.[40] "That is, the nonmoving party must adduce evidence sufficient to support a jury verdict."[41]

"A fact is 'material' if its resolution could affect the outcome of the action,"[42] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[43] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[44] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[45] The Court does not weigh the evidence or evaluate the credibility of witnesses and views all facts and inferences in the light most favorable to the nonmovant,[46] including "resolv[ing] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[47] The Court will draw only *reasonable* inferences in the nonmovant's favor and will not countenance "senseless" theories or leaps in logic.[48] The Court is under no duty to sift through the entire record in search of evidence to support the nonmovant's opposition to

---

[38] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006); *see Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quotation and alteration omitted) ("When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case.").
[39] *United States ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[40] *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); *accord Germain v. US Bank Nat'l Ass'n*, 920 F.3d 269, 272 (5th Cir. 2019).
[41] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).
[42] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007).
[43] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).
[44] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[45] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).
[46] *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).
[47] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).
[48] *See Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 468–69 & n.14 (1992).

summary judgment.[49] The Court does not "assume in the absence of any proof … that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[50]

   d. Analysis

Here, Defendant submitted, with its motion to dismiss, an affidavit from its Chief Human Resources Officer attesting to the LOU accepted and exacted by Plaintiff. In his response, Plaintiff does not controvert the validity of the LOU. Accordingly, the Court treats Defendant's motion to dismiss as a motion for summary judgment. Defendant argues that this Court should interpret the dispute resolution clause and the choice of law and venue clause in the LOU to dismiss this matter or in the alternative transfer venue to the Eastern District of Virginia.[51] In contrast, Plaintiff argues first in his response that this Court should stay the case or in the alternative transfer the case to the Eastern District of Virginia.[52]

The LOU provides in pertinent part:

> **11.** **Choice of Law and Venue.** This Agreement and all matters relating to my employment with Peraton shall be construed and governed by the laws of the Commonwealth of Virginia and applicable federal law, excluding any conflicts or choice of law rule or principle that might otherwise refer construction or interpretation of this Agreement to the substantive law of another jurisdiction. Any action arising from this Agreement or any aspect of my employment or termination of my employment, including enforcement of an arbitrator's decision rendered pursuant to Section 12, must be filed in the U.S. District Court for the Eastern District of Virginia or the Circuit Court of Fairfax County, Virginia. I expressly consent to submit to the exercise of personal jurisdiction by such courts and waive any objections to venue in those courts.
> **12.** **Dispute Resolution.** [I]n the event of a dispute arising from this Agreement or any aspect of my employment or termination thereof ("Dispute"), I

---

[49] *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *accord Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 380 n.2 (5th Cir. 2011).
[50] *Boudreaux*, 402 F.3d at 540 (quotation omitted) (emphasis in original).
[51] Dkt. No. 8.
[52] Dkt. No. 11.

acknowledge and agree that I am require to comply with Peraton's dispute resolution procedures as follows:

 12.1 Before bringing any action in court against Peraton or its directors, employees or agents arising from or related to a Dispute, I must attempt to resolve the Dispute through at least four (4) hours of discussions with Peraton or, at Peraton's election, mediation conducted by a bona fide mediation provider in or near Peraton's headquarters in the United States. If Peraton so elects mediation, it will pay the costs and fees of the mediation provider.

 12.2 If the discussions and/or mediation are unsuccessful and either Peraton or I bring an action in court arising from or relating to a Dispute, the following additional procedures apply: (i) neither Peraton nor I shall request a jury trial in such action, and each of Peraton and I hereby waive our right to trial by jury of any Dispute, (ii) the Dispute must be brought on an individual basis and may not be brought as a class or collective action or consolidated with the claims of others, unless both Peraton and I consent, and (iii) Peraton may, at its option exercised within thirty (30) days of service of the compliant in such action, require all or part of the Dispute to be arbitrated, except that Peraton shall not have the right to require arbitration of a Dispute to the extent it relates to claims under Title VII of the Civil Rights Act of 1964 or any tort arising out of or related to sexual assault or harassment.

 12.3 I understand and agree that any arbitration conducted in accordance with this Section 12 shall be conducted by a single arbitrator at a location in Washington, D.C. or elsewhere within fifteen (15) miles of Peraton's headquarters and administered by the American Arbitration Association, JAMs, Inc., or other bona fide provider of arbitration services in accordance with their respective employment arbitration rules, as selected by the party initiating the arbitration. Any such arbitration will be arbitrated on an individual basis. No Dispute between Peraton and me may be consolidated or joined in arbitration with a dispute between any other employee and Peraton, nor may I see to bring my Dispute on behalf of other employees as a class or collective action. All evidence and other information presented during the arbitration proceedings shall be confidential and not disclosed except as necessary to enforce the arbitration award. The arbitrator's decision will be final, binding, and enforceable by any court of competent jurisdiction. This Section 12 does not apply to a claim for which a pre-dispute arbitration provision is prohibited by law.[53]

Both parties agree that the language of the LOU is valid and enforceable.[54] Plaintiff asserts in its response that "[t]he LOU contains a forum selection clause, specifying that any

---

[53] Dkt. No. 11-1 at 7-8.
[54] *See generally* Dkt. Nos. 8, 11, 16.

lawsuit brought against Peraton must be filed in the U.S. District Court for the Eastern District of Virginia or the Circuit Court of Fairfax County, Virginia."[55] Thus, following the valid and enforceable "Choice of Law and Venue," clause contained within the LOU, this Court is not the proper venue for this dispute.

Further, "[D]istrict courts have discretion to dismiss cases in favor of arbitration under 9 U.S.C. § 3."[56] However, 9 U.S.C. § 3 "was not intended to limit dismissal of a case in the proper circumstances . . . [i]f all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate."[57] In this context, where a party requests a district court compel arbitration for all arbitrable issues, a district court acts within its discretion to dismiss the action without prejudice to re-filing instead of staying the action because "[a]ny post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law."[58] Here, Defendant has provided Plaintiff with formal notice of its demand for arbitration[59] and Plaintiff is not opposed to arbitrating this matter.[60] Additionally, the valid and enforceable LOU applies to all matters relating to Plaintiff's employment with Defendant.[61]

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment in full, **COMPELS** the parties' arbitration, and **DISMISSES WITOUT PREJUDICE**

---

[55] Dkt. No. 11 at 1.
[56] *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 676 (5th Cir. 1999) (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).
[57] *Fedmet Corp.*, 194 F.3d at 676 (citing *Alford*, 975 F.2d at 1164).
[58] *Fedmet Corp.*, 194 F.3d at 68–69 (citing *Alford*, 975 F.2d at 1164); *Sea–Land Service, Inc. v. Sea–Land of Puerto Rico, Inc.*, 636 F.Supp. 750, 757 (D.Puerto Rico 1986).
[59] Dkt. No. 16 at 2.
[60] Dkt. No. 11 at 2.
[61] Dkt. No. 8-1 at 7-8.

all of Plaintiff's claims and Plaintiff's action. All remaining motions in this case are denied as moot. Pursuant to Rule 56, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 12th day of May 2021.

_____
Micaela Alvarez
United States District Judge